JULIA KOLC, APPELLANT, v. ANN KRYSTYNIAK ET AL., APPELLEES.

241 N. W. 2d 348

Filed April 28, 1976. No. 40311.

J. Michael Fitzgerald of Matthews, Kelley, Cannon & Carpenter, for appellant.

Alfred A. Fiedler of Fiedler & Fiedler, for appellee Krystyniak.

Heard before SPENCER, BOSLAUGH, and McCOWN, JJ., and COLWELL and KELLY, District Judges.

KELLY, District Judge.

This action was commenced in the District Court for Douglas County, Nebraska, on the 23rd day of August 1973. The plaintiff prayed for an accounting for funds held in joint tenancy with her daughter, one of the defendants herein. The plaintiff further prayed that the funds held in trust for her by defendant be returned to the plaintiff. The defendant in answering the petition of the plaintiff herein, admitted the receipt of certain funds and savings accounts on behalf of the plaintiff. The defendant argues a gift, made to her, of a portion of the funds and that she paid the balance of the funds to an escrow agent, pending the trial herein.

There is little dispute over the facts as surrounding this case. The facts show that the plaintiff was 79 years of age on the date of trial. She was the mother of 7 children. The plaintiff's husband died in 1958, and from that time until 1973, a period of 15 years, the plaintiff lived with a married daughter, Ann Krystyniak and her family. At the time of death of the plaintiff's husband, she became the sole owner of three savings accounts which had been held in the name of her husband and herself as joint tenants with rights of survivorship. Immediately after the death of plaintiff's husband, a second name was added to the savings accounts as a joint tenant, that being Jerry Kolc, a son. At the insistence of Jerry Kolc, the defendant's name was substituted as a joint tenant with the plaintiff on the three savings accounts.

On August 19, 1971, the funds of one savings account, having a balance of $12,301.71, was transferred to a separate account owned by defendant and her husband. Although there were withdrawals from the other accounts, these sums were later placed in escrow and the only amount in controversy in this law suit was the aforementioned account, transferred to the defendant and her husband.

This action was brought in the name of the plaintiff. However, the plaintiff was not mentally competent to testify at the time of trial and could not remember many things which transpired. The defendant claimed the above account as a gift from her mother to her. The intention to make this gift was corroborated by testimony of a daughter of the defendant and the defendant's husband.

During the 15 years that the plaintiff lived in the home of the defendant, the defendant and her family provided not only a home, food, and clothing, but most of the love and affection that plaintiff received. Plaintiff received a small Social Security check and a very small pension check, which her husband had earned during

his lifetime. The trial court found the amount in controversy was a valid gift to the defendant; rendered judgment in that amount for the defendant; and ordered the balance of the money held be paid to a conservator for the plaintiff. Plaintiff appeals.

This court has previously held that to make a valid and effective gift inter vivos, there must be an intention to transfer title to the property, and a delivery by the donor and acceptance by the donee. Dunbier v. Rafert, 170 Neb. 570, 103 N. W. 2d 814; Dunbier v. Stanton, 170 Neb. 541, 103 N. W. 2d 797. The testimony presented in this case was to the effect that the plaintiff made statements in the presence of the defendant's family that she wanted to make a gift to the defendant of approximately $12,000 because the defendant had taken such good care of her. The plaintiff accompanied the defendant to the savings institution to obtain the account in dispute at the time that it was transferred to the name of the defendant and her husband. There was considerable testimony that for a period of 15 years the defendant and her family had taken care of all the wants and needs of the plaintiff; that they had taken her on vacations; that they took her to church each and every week; and, generally, saw to all her wants and needs. There was no testimony indicating that the plaintiff lacked mental capacity to make a gift at the time the gift was made. There was no testimony that any undue influence was ever exerted by the defendant to obtain the gift from the plaintiff.

This court previously held in the case of Conry v. Langdon, 181 Neb. 53, 146 N. W. 2d 782, that undue influence which will void a deed (gift) is an unlawful and fraudulent influence which controls the will of the donor. The affection, confidence, and gratitude of a parent to a child which inspires a gift is a natural and lawful influence and will not render it voidable unless such influence has been so used as to confuse the judgment and control the will of the donor.

In the present case no such undue influence was shown in the testimony of any witnesses.

The above-cited cases also hold that this being an appeal in equity, the statute requires this court, in determining questions of fact, to reach an independent conclusion without reference to findings of the District Court. However, if there is irreconcilable conflict in a material issue, this court will, in determining the weight of evidence of witnesses who appeared in the trial court to testify, consider the fact that the trial court observed them and their manner of testifying. The importance of this rule of law can be found by quoting from the order issued by the trial court. The trial court stated as a part of its findings as follows: "Thereafter, Jerry left the household and eventually arrangements were made for Anne to succeed Jerry as joint tenant, with the same understanding. The accounts remained in that form until the transfers were made which are in issue herein. Some time before the date of those transfers, Julia determined that she was obligated to Anne and her family, and expressed a desire to satisfy that obligation financially, to prefer Anne over her other brothers and sisters. Discussions were had concerning that desire within the household, and Julia and Anne went together to the depositories where Anne made the necessary withdrawals and deposits.

"With regard to those transfers this Court finds that there was no fraud or undue influence exercised by Anne, that the transfers were made pursuant to and in accordance with the independant wishes and desires of Julia, and solely to satisfy Julia's own personal purposes, to make a gift of the $12,301.17 transferred to Anne and her husband, and to continue the remaining funds as before. The Court is satisfied that a lawful and effective gift was in fact made, and that the funds so transferred are not subject to this litigation. It is a parent's right to prefer one child over another, and particularly when, as in this case, there is a factual and rea-

sonable basis for such a preference, the courts ought not interfere unless fraud or undue influence were involved.

"While during the course of the trial the Court concluded that Julia did not fully, or even adequately, comprehend what was transpiring, and was then unable to accurately recall what she had done or intended in the past, there was no evidence to indicate her incompetency at the time of the transfers, her interests were adequately represented and protected during the course of the trial, and the appointment of a conservator resolves any future problems."

It is the finding of this court that the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.